# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (JKS) |
| Remaining Debtors. | (Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al*., | |
| Plaintiff, | Adversary Proceeding Case No. 19-50807 (JKS) |
| vs. | |
| DOLORES SCHULZE, IN HER CAPACITY AS TRUSTEE OF THE SCHULZE FAMILY REVOCABLE LIVING TRUST AGREEMENT DATED 05/26/05; DOLORES SCHULZE, | **Ref. Adv. Docket No. 24** |
| Defendants. | |

## JUDGMENT BY DEFAULT

Upon the *Plaintiff's Motion for Default Judgment* (the "Motion") pursuant to Bankruptcy Rule 7055 for the entry of a judgment by default against defendants Dolores Schulze, in her capacity as Trustee of the Schulze Family Revocable Living Trust Agreement Dated 05/26/05, and Dolores Schulze (each a "Defendant," and collectively, the "Defendants") with respect to the *Complaint for Avoidance and Recovery of Preferential and Fraudulent Transfers Pursuant to 11 U.S.C. Sections 544, 547, 548, & 550* [Adv. Docket No. 1] (the "Complaint")[2] and the *Entry of Default* entered by the Clerk of Court [Adv. Docket No. 14]; and adequate notice of the Motion

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard, #302, Sherman Oaks, California 91423.

[2] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Complaint.

having been given and it appearing in the circumstances that no other or further notice is required; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and Defendant having failed to answer or otherwise respond to the Complaint within the applicable deadline; and the entry of a judgment by default being proper against Defendant; and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Rule 7055(b)(2), judgment by default ("Judgment") shall be entered against Defendants with respect to all claims for relief asserted in the Complaint.

3. Judgment is awarded in favor of Plaintiff and against Defendants on the first and second claims for relief, (a) avoiding the Ninety Day Transfers free and clear of any claimed interest of Defendant, (b) directing that the Ninety Day Transfers be set aside, and (c) ordering Defendant to pay to Plaintiff $25,200.00;

4. Judgment is awarded in favor of Plaintiff and against Defendants on the third and fourth claims for relief, (a) avoiding the Fraudulent Transfers free and clear of any claimed interest of Defendant, (b) directing that the Fraudulent Transfers be set aside, and (c) ordering Defendant to pay to Plaintiff $5,171.44;

5. Judgment is awarded on all claims for relief, awarding Plaintiff prejudgment interest as permitted by law, costs of suit, and such other and further relief as is just and proper.

6. The Plaintiff is authorized and empowered to take any and all actions necessary or appropriate to consummate, carry out, effectuate, or otherwise enforce the terms, conditions, and provisions of this Judgment.

DOCS_DE:230751.4 94811/003

7. The Clerk of Court is authorized and directed to take any action that is necessary and appropriate to give effect to this Judgment.

8. This Court shall retain jurisdiction and power over any and all matters arising from or related to the interpretation or implementation of this Judgment.

**Dated: August 18th, 2021**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**